FILED

September 27, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:06 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Susan English | ) | Docket No.   2016-05-0261 |
| | ) | |
| v. | ) | State File No. 98712-2015 |
| | ) | |
| G4S Secure Solutions, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert Durham, Judge | ) | |

---

**Affirmed and Remanded—Filed September 27, 2016**

---

In this interlocutory appeal, the employee questions the trial court's finding that her injuries resulted from an idiopathic fall.  The employee suffered two falls, the first occurring in a parking area as she was preparing to exit the premises where she worked.  Her second fall occurred approximately three months later while shopping, and she contends this fall and its resulting medical care are causally related to the fall she suffered at work.  The employer denied benefits for the second fall on the basis that any injuries resulting from that fall did not arise primarily out of or occur in the course and scope of the employment.  Following an expedited hearing, the trial court determined the employee's first fall was idiopathic and therefore not compensable, pretermitting any determination with respect to the cause of the second fall.  The employee has appealed.  Having carefully reviewed the record, we affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Susan English, LaVergne, Tennessee, employee-appellant, pro se

Sarah Best, Knoxville, Tennessee, for the employer-appellee, G4S Secure Solutions

## Memorandum Opinion[1]

Susan English ("Employee") is a resident of Rutherford County, Tennessee, and is employed by G4S Secure Solutions ("Employer"). On December 2, 2015, after completing her work day, she fell while walking to her vehicle, striking her head and right side. In an expedited hearing, she testified there were leaves on the ground, that she "slipped on the leaves," and that she "did just literally slip and trip and fall – it was out on the sidewalk." However, on cross-examination she testified she did not actually remember slipping on the leaves or tripping on an object, and she acknowledged that she assumed "it had to be the leaves" because the leaves were there.

Employee sought medical treatment for a contusion to her head and cervical spine and knee sprains. She was provided some authorized treatment with which she ultimately became dissatisfied, prompting her to seek unauthorized treatment from her primary care physician.

On March 1, 2016, while walking across the parking lot at a shopping center, Employee felt pain in her right knee, and she fell when her "knee folded underneath [her]." She was once again provided medical care, ultimately coming under the care of Dr. William Mayfield, who treated her for a fractured hip as a result of the second fall. However, Employer asserted that the March 1, 2016 fall was not compensable, and it denied treatment for the resulting injuries. Consequently, Employee filed a petition for benefit determination.[2]

At the expedited hearing, Employee testified at length about the circumstances of her falls and medical treatment. The trial court found Employee to be a credible witness and noted that her testimony concerning her medical treatment was consistent with the medical records entered into evidence. Addressing how and why she fell in December 2015, she testified she "[did] not remember literally falling," and as noted above, when asked on cross-examination whether she remembered slipping on the leaves, she testified, "there was [sic] leaves all over. And there was no incline or anything. You know, it had to have been the leaves." Employee presented the affidavits of witnesses to each fall, but

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] Employee also attended an independent medical evaluation at Employer's request to address causation of Employee's injuries and the relationship of her second fall to the first fall. Because we affirm the trial court's determinations that Employee did not come forward with sufficient evidence at the expedited hearing to support an interlocutory order for benefits and that the resulting injuries were not caused or enhanced by any hazard of the employment, we forego a discussion of Employee's medical treatment and the physicians' opinions concerning the second fall.

those affidavits did not indicate that the witnesses to the first fall knew what had caused Employee to fall.

The trial court determined Employee had not presented sufficient evidence to support a finding that she was likely to prevail at a hearing on the merits in establishing that the December 2015 fall and her resulting injuries arose primarily out of the employment, as she could not remember the fall and did not know for certain that she slipped on the leaves. The court found that the evidence presented to date supports a finding that the fall was idiopathic and denied workers' compensation benefits, pretermitting any issues concerning the March 1, 2016 fall. Employee has appealed.

While an employee need not prove every element of his or her claim by a preponderance of the evidence at an expedited hearing, *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015), the employee still must produce "evidence of an injury by accident that arose primarily out of and in the course and scope of employment" sufficient to allow a trial court to determine the employee will succeed at a trial on the merits of the claim. *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). "An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless some condition of the employment presents a peculiar or additional hazard." *Veler v. Wackenhut Servs.*, No. E2010-00965-WC-R3-WC, 2011 Tenn. LEXIS 78, at *9 (Tenn. Workers' Comp. Panel Jan. 28, 2011). "An injury that occurs due to an idiopathic condition is compensable if an employment hazard causes or exacerbates the injury." *McCaffery v. Cardinal Logistics*, No. 2015-08-0218, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *10 (Tenn. Workers' Comp. App. Bd. Dec. 10, 2015).

The trial court heard and considered the evidence and the testimony of Employee at the expedited hearing. Upon reviewing Employee's testimony, the trial court found she was unable to establish that her fall arose out of her employment, as she testified she did not remember the fall itself. While the trial court found Employee to be a credible witness, her inability to describe an injury arising primarily out of her employment, that is, one resulting from a hazard incident to the employment, is fatal to her request for benefits at this interlocutory stage of her claim. She has presented insufficient proof that her fall was caused by her employment or some condition incident to the employment, and she has provided insufficient proof that some hazard of the employment caused her injuries to be more severe than they would have otherwise been.

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-

3

217(a)(3). Accordingly, the trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.



**FILED**

**September 27, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:06 A.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Susan English | ) | Docket No.   2016-05-0261 |
| | ) | |
| v. | ) | State File No.  98712-2015 |
| | ) | |
| G4S Secure Solutions, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 27th day of September, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Susan English | | | | | X | Susan_English@comcast.net |
| Sarah H. Best | | | | | X | SHBest@mijs.com |
| Robert Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov